UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRAIG L. JOHNSON

                              Plaintiff,

  v.                                                             9:18-CV-0096 (DNH/DEP)

COUNTY OF SARATOGA,
M.H. ZURLO, Saratoga
County Head Sheriff, RICHARD
J. EMERY, Colonel; Saratoga
County Jail, DR. KEEFER,
Saratoga County Jail, JOHN/
JANE DOE(S), staff; Saratoga
County Jail, and DR. FINE,
Saratoga County Orthopedic,

                              Defendants.
_____

APPEARANCES:

CRAIG L. JOHNSON
17-A-1173
Plaintiff, pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

**I. INTRODUCTION**

      In January 2018, pro se plaintiff Craig Johnson ("Johnson" or "plaintiff") commenced this civil rights action asserting claims arising out of his arrest and subsequent detention at Saratoga County Jail ("Saratoga C.J."). Dkt. No. 1 ("Compl.").

1

By Decision and Order filed on February 21, 2018 (the "February Order"), Johnson's IFP Application was granted and the sufficiency of the Complaint was reviewed in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 9.

On the basis of that review, the following claims were dismissed without prejudice:  (1) claims against the County of Saratoga; (2) claims related to deliberate indifference to medical needs against Dr. Fine, Dr. Keefer, and Lt. Corbett; (3) supervisory claims against Sheriff M.H. Zurlo ("Sheriff Zurlo"), Colonel Richard J. Emery ("Colonel Emery"), and Lt. Corbett; and (4) retaliation claims.  *See* Dkt. No. 9, *generally*.

The February Order also held that Johnson's Fourteenth Amendment claim related to deliberate medical indifference against Head Nurse Lisa Doe survived sua sponte review and required a response.  *See* Dkt. No. 9 at 11-12.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), and in order to assist Johnson in identifying Head Nurse Lisa Doe, the Court requested that the Office of the County Attorney for Saratoga County attempt to ascertain the full name of the Head Nurse.  *See* Dkt. No. 9 at 17-18.  The County Attorney's Office was also requested, to the extent that it was able to identify the Doe defendant, to provide the address where the defendant might be served.  *See id.* at 18.

By Letter Brief dated March 5, 2018, the County Attorney provided the name of Head Nurse Lisa Doe and an address where she could be served.  Dkt. No. 12.

On April 2, 2018, Johnson filed an Amended Complaint.  Dkt. No. 14.  In a Decision and Order filed on April 16, 2018 (the "April Order"), the Court accepted the Amended Complaint for filing and directed Dr. Fien, Nurse McInerney, and Nurse Punkoski to respond

2

to the Fourteenth Amendment claims related to deliberate medical indifference to Plaintiff's diabetes.  *See* Dkt. No. 15, *generally*.

Currently pending is Johnson's motion for reconsideration of the April Order.[1]  Dkt. No. 20 and Dkt. No. 21 (submission in support).

## II. MOTION FOR RECONSIDERATION

"A court may justifiably reconsider its previous ruling if:  (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice."  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

"The standard for granting a motion for reconsideration is strict[.]"  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*  Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Johnson has not cited to any case law which would mandate that the April Order be vacated.  Nor has he demonstrated an intervening change in controlling law or articulated any clear legal error.  Rather, construing the motion liberally, plaintiff moves for reconsideration based on an alleged manifest injustice.

With his present motion, Johnson attached records relating to a grievance he filed in

---

[1] Plaintiff indicates that his motion is filed pursuant to Fed. R. Civ. P. 58, 59, and 60. Dkt. No. 20 at 1.

3

November 2016, claims that the documents contain sufficient facts to suggest that Lt. Corbett, Colonel Emery, and Sheriff Zurlo were personally involved in constitutional violations for purposes of Section 1983 liability, and seeks reinstatement of his claims against these supervisory defendants. Dkt. Nos. 20 and 21, *generally;* Dkt. No. 21-1 at 5-12.

Johnson also attaches medical records from July 2016 until February 2017 in an effort to persuade the Court to reconsider his supervisory claims against Dr. Keefer. Dkt. No. 21 at 1; Dkt. No. 21-1 at 1-4. Construing the motion liberally, plaintiff also seeks reconsideration of the portion of the April Order that dismissed his retaliation claims against Punkowski and McInerney. *Id*.

"To obtain reconsideration of a judgment based upon newly discovered evidence, each of the following four factors must be met: (1) newly discovered evidence is of facts existing at the time of the prior decision; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative." *Kahn v. NYU Medical Center*, No. 06 Civ. 13455, 2008 WL 190765, 2 (S.D.N.Y. Jan. 15, 2008) (internal quotation marks omitted).

Johnson does not assert that the documents annexed to the motion were not in his possession prior to the time that he filed the Amended Complaint. Rather, plaintiff argues that he "mistakenly" failed to submit documentation supporting his claims against supervisory defendants and "now knows that his proofs [sic] were required for this Court to make an accurate decision." Dkt. No. 20 at 1; Dkt. No. 21 at 1. Additionally, while plaintiff contends that he "recently received" medical records, plaintiff does not state when he received the records nor does he clam that he acted diligently in attempting to obtain the records prior to

4

filing the Amended Complaint. *See United States v. Yarbrough*, No. 1:04-CR-476, 2005 WL 6144289, at *3 (N.D.N.Y. Feb. 24, 2005), *aff'd*, 179 F. App'x 769 (2d Cir. 2006) ("Among the factors the court will review in deciding a motion for reconsideration 'is whether the moving party has proffered newly discovered evidence that was unknown to the party, and could not through due diligence reasonably have been discovered by the party, at the time of the original hearing.'") (citations omitted). Thus, the evidence presented does not qualify as "new evidence" to warrant reconsideration. *See United States v. City of New York*, ––– F.Supp.2d –––, 2012 WL 745560, * 13 (E.D.N.Y. Mar.8, 2012).

In sum, Johnson has not made any showing that *reconsideration* of the Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Accordingly, plaintiff's motion for reconsideration (Dkt. No. 20) is denied.

However, in light of his pro se status, Johnson is will be permitted to attempt to re-assert these claims by requesting permission to amend his complaint and by including the documents he has annexed to his reconsideration motion in support of them. Any motion to amend should be submitted in accordance with the Federal Rules of Civil Procedure and this District's Local Rules.

It is further observed that on June 13, 2018, Nurse McInerney and Nurse Punkoski filed an Answer to the Amended Complaint. Dkt. No. 24. Pursuant to the Mandatory Pretrial Scheduling Order, amended pleadings are due on or before October 14, 2018. Dkt. No. 26.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration of the April Order (Dkt. No. 20) is **DENIED**; and

2. The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

Dated: June 15, 2018
Utica, New York.

United States District Judge